IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE MITCHELL, )
 )
      Plaintiff, )
 )
vs. ) No. 05 C 2193
 )
UNION PACIFIC RAILROAD )
TRANSPORTATION COMMUNICATIONS )
UNION RAILROAD ADJUSTMENT BOARD, )
 )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff sued Union Pacific Railroad in Case No. 03 C 4767, complaining of his termination in 2003 for collecting unemployment benefits to which defendant contended he was not entitled. In three separate rulings this court denied his motion to proceed *in forma pauperis* because his avenue of redress was through arbitration under the Railway Labor Act. He appealed, but the appeal was dismissed for failure to pay the filing fee.

In March 2004, he sued Union Pacific Railroad Co. and others in Case No. 04 C 1870, and the case was assigned to Judge Bucklo. That case related to a different termination, that one apparently from a position in Nebraska in 1996. For some reason the suit languished and the defendants were only recently served. Judge Bucklo has scheduled a status conference for May 20, 2005.

In the meantime, plaintiff did apparently seek redress for his 2003 termination through the Railway Labor Act procedures. The Public Law Board denied the claim on August 16, 2004. On April 13, 2005, he appealed from that denial (although his petition seems to raise other claims as well, none of which was before the Board so far as we know).

That case, No. 05 C 2193, by happenstance was assigned to this court. Plaintiff wants to transfer this case to Judge Bucklo, contending that the two cases are similar because in both he accuses the Board of fraud. But each relates to a separate termination, separated in time by several years. They are not related cases under the local rules, and the motion to transfer is denied.[1]

Plaintiff also seeks to substitute the petition filed April 26, 2005, for the petition originally filed. That is granted. Finally, he seeks to proceed *in forma pauperis*. His affidavit of indigency is, however, woefully incomplete. We deny the motion for now, without ever reaching the issue of whether or not he states a claim.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 27, 2005.

---

[1] A relatedness motion should be filed with the transferee judge, but this is so clearly unrelated that we ignore that aspect.