IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE D. MITCHELL,                )
                                   )
            Plaintiff,             )
                                   )
     vs.                           )  No. 05 C 2193
                                   )
UNION PACIFIC RAILROAD CO.,        )
TRANSPORTATION COMMUNICATIONS      )
UNION, NATIONAL RAILROAD           )
ADJUSTMENT BOARD,                  )
                                   )
            Defendants.            )

MEMORANDUM OPINION AND ORDER

Plaintiff George Mitchell seeks review of a Railroad Adjustment Board (Board) decision, which resulted in the termination of his employment with Union Pacific Railroad (Union Pacific). In his petition for review, plaintiff challenged the Board's decision by arguing that it exceeded its jurisdiction, rendered a decision without reason or fact, committed fraud, and violated his due process rights by not providing notice of the hearing. Plaintiff also moved to proceed *in forma pauperis*. The court reviewed the petition pursuant to 28 U.S.C. § 1915(a) and dismissed all but the due process claim. Mitchell v. Union Pacific R.R., 2005 U.S. Dist. LEXIS 19047, 2005 WL 1189599 (N.D. Ill. 2005). Defendant Transportation Communications Union (Union) now seeks to dismiss the remaining due process claim under either FED. R. CIV. P. 12(b)(6) or FED. R. CIV. P. 56. For the following reasons, Union's motion is granted.

Rule 56 is the proper vehicle for resolving this dispute. Matters outside the pleadings are relevant and the parties have filed statements of fact under Local Rule 56.1. Summary

judgment is proper when the record shows "that there is no genuine issue as to any material fact." Fed R.Civ.P. 56(c). Evidence is viewed in the light most favorable to plaintiff, the nonmoving party. Payne v. Pauley, 337 F.3d 767, 770 (7th Cir 2003).

The only issue is whether plaintiff received notice of the hearing. When the employee's representative receives notice of the hearing, actual notice to the employee is not necessary. O'Neill v. Public Law Board No. 550, 581 F.2d 692, 694 (7th Cir. 1978). On March 2, 2004, the Union sent plaintiff a letter stating the following:

> Your claim is being prepared for presentation and final adjudication on April 5, 2004. The hearing is scheduled with Referee Charlotte Gold at the Embassy Suites, PGA Blvd. and Interstate 95, in West Palm Beach, Florida.
>
> You may attend your hearing if you so desire; however, you must realize the cost of such will be yours.

The Union sent the letter to plaintiff's former address, and consequently plaintiff did not receive the letter until March 22, 2004. Plaintiff immediately responded to the Union's letter, requesting a copy of the Union's written submissions so that he could evaluate whether or not to file additional arguments. Plaintiff also stated that he "reserve[d] rights to dispute the outcome of this hearing under the Railway Labor Act." On March 25, 2004, the Union responded to plaintiff, and provided him with its written submission. It informed plaintiff that no additional arguments could be added to the submission, but also stated that "[s]hould you request that changes be made to this submission, I will seek the proper time limit extensions necessary in order to postpone presentation of your case before PLB 5835 until such time as the parties again convene the board, which should be about this time next year." Further, it instructed plaintiff that the Board's decision was "final and binding" under the RLA.

In response to the Union's motion, plaintiff argues that the March 2, 2004, letter

provided insufficient notice. He also contends that he rejected the Union's representation. Neither position has merit.

According to plaintiff, he revoked the Union's representative authority when he reserved his rights to dispute the hearing's outcome. Plaintiff never explicitly rejected the Union's representation. Indeed, by asking for a copy of the Union's written submission, and attempting to reserve his rights to dispute the outcome of the hearing, plaintiff assented to its representation. Under the Union's governing regulations, it has the duty and authority to appear on behalf of and represent its constituents to settle their claims and grievances. Plaintiff claims that he never received the Union's governing regulations, and does not deem himself bound by them. At this stage the court credits plaintiff's statement, despite the Union's assertion that it mailed copies of its Constitution and Protective Laws to members and posted that information on its website. Still, plaintiff's ignorance does not diminish the Union's representative authority, nor does it change the fact that he assented to the Union's representation in numerous prior grievance proceedings. Further, plaintiff's contention that the Union's governing regulations are invalid because they contradict the RLA fails. Plaintiff cites several provisions from 45 U.S.C. §§ 152 and 153(j) in an apparent attempt to show that the RLA contemplates a dispute resolution process that only involves the carrier and the employee. However, each section plaintiff mentions specifically references the participation of a representative, thus accommodating Union participation. Indeed, section 152 Sixth concludes, "[a]nd provided further, That nothing in this chapter shall be construed to supersede the provisions of any agreement (as to conferences) then in effect between the parties." Ultimately, no withdrawal transpired here and the Union effectively received notice on behalf of plaintiff.

Even though it was unnecessary, plaintiff received actual notice of the hearing. He argues that the March 2, 2004, letter is fatally flawed because it does not mention the time or address of the hearing. It is true that the letter does not state the precise time of the hearing, but the record does not show, and plaintiff does not contend, that he ever requested that information. The information contained in the letter sufficiently apprised plaintiff of the date and place of the hearing, and also informed him that he could personally attend the proceedings. Plaintiff also claims that he could not submit additional arguments to the Board because the March 2 letter was delayed 20 days after the Union initially sent it to the wrong address. Any hardship caused by the delay was entirely ameliorated when the Union promptly supplied plaintiff with its written submission and specifically told him that it would attempt to postpone the hearing if plaintiff desired to provide additional arguments or change the submission.

Plaintiff received actual and constructive notice of the hearing, in compliance with 45 U.S.C. § 153 First (j), and no due process violation occurred. There is thus no authority to review the Board's decision, and plaintiff's petition must be dismissed.[1]

According to the Union, plaintiff has materially misrepresented the law and facts, and persists in pursuing frivolous and meritless claims, warranting sanctions. Plaintiff's litigation practice has spurred one other court to contemplate, but ultimately reject, sanctions for what it termed plaintiff's "harassing and frivolous" litigation. Mitchell v. Union Pacific R.R., 381 F. Supp. 2d 733, 738 (N.D. Ill. 2005). We agree that sanctions would serve no purpose here and join Judge Bucklo's recommendation that the Executive Committee review all future filings by

---

[1] Dismissal also terminates the case with respect to the remaining defendants: Union Pacific and the Railroad Adjustment Board. We note that the Board was never a proper party to this action. Mitchell v. Union Pacific R.R., 408 F.3d 318, 320 (7th Cir. 2005).

plaintiff.

## CONCLUSION

**Defendant's motion for summary judgment is granted.**

                                                                                          James B. Moran
                                                                                          JAMES B. MORAN
                                                                                          Senior Judge, U. S. District Court

Sept. 26, 2005.